IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02679-PAB-SBP

THE ESTATE OF AVERY JAMES BORKOVEC,

      Plaintiff,

v.

TURN KEY HEALTH CLINICS, LLC, et al.

      Defendants.

_____

**DEFENDANT CURTIS JOHNSON'S REPLY IN SUPPORT OF MOTION TO DISMISS**
_____

    Defendant Sheriff Curtis Johnson in his official capacity (the "County"), through

counsel, respectfully submits this Reply in Support of its Motion to Dismiss [Doc. 51]:

## I.      INTRODUCTION

    Plaintiff's Second Claim for Relief asserts a municipal liability claim against the

County. To properly plead that claim, Plaintiff must plausibly allege both (1) that municipal

employees (here, the Boulder Nurses) committed constitutional violations, and (2) that a

municipal policy or custom was the moving force behind those violations. The County's

motion to dismiss challenged "the second prong: the existence of a municipal policy or

custom." [Doc. 51 at 5.][1] But Plaintiff devotes its Response almost entirely to the first

prong, attacking the actions of the individual Boulder Nurses. [Doc. 81 at 4-11.]

_____

[1] *See* this Court's Civil Practice Standard III(F)(2)(a)(i) ("For each claim for relief that the
movant seeks to dismiss pursuant to Rule 12(b)(6), clearly enumerate each element **that
movant contends must be alleged, but was not**.") (emphasis original).

Plaintiff's "informal custom" theory of municipal liability requires allegations of prior similar incidents that put the County on notice of an unconstitutional policy. Here, though, Plaintiff admits that it relies instead on allegations about what happened to Mr. Borkovec in this case, arguing that "Plaintiff is not actually required to prove a pattern of similar incidents using *other* inmates" and can rely solely on allegations arising from this single period of incarceration. [*Id*. at 14.] Plaintiff is incorrect—as the Tenth Circuit made clear in *Waller* and subsequent cases. Plaintiff has not alleged facts showing that the County was on notice of any unconstitutional custom, practice, or policy, nor facts showing that any responsible decisionmaker was aware of, and deliberately indifferent to, the purported "custom" that allegedly caused Mr. Borkovec's untimely death.

The Second Claim for Relief thus fails as a matter of law and should be dismissed.

## II.    ARGUMENT

Plaintiff seeks to impose liability on the County based on an allegedly "unconstitutional custom and practice." [Doc. 81 at 2; *see id.* (the County's "customs authorize and condone … reckless conduct.").] As the County pointed out in its Motion, such custom-and-practice claims require a plaintiff to allege a "pattern of similar constitutional violations to establish deliberate indifference." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1285 (10th Cir. 2019); [*see* Doc. 51 at 5-7].

In *Waller*, the Tenth Circuit emphasized and elucidated the "rigorous standards of culpability and causation [that] must be applied," even at the motion-to-dismiss stage, "to ensure that the municipality is not held liable solely for the actions of its employee." *Id*. at 1284 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 405 1997)). Further, the

*Waller* court "held, as a matter of law, that one earlier similar incident can't establish a pattern for purposes of proving municipal liability." *Swearingen v. Pleasanton Unified Sch. Dist. 344*, No. 20-2630-DDC-TJJ, 2021 WL 5758544, at *6 (D. Kan. Dec. 3, 2021) (quoting *Waller*, 932 F.3d at 1287 ("[W]e have expressly held that one prior incident, even if it was a constitutional violation sufficiently similar to put officials on notice of a problem, does not describe a pattern of violations." (internal quotations and citations omitted))).

Subsequently, courts in this District and the Tenth Circuit itself have routinely dismissed such claims where the "Complaint seeks to impose municipal liability based on a single incident without identifying any relevant policymaker." *Wright v. City of Ponca City*, No. 22-6137, 2023 WL 5765848, at *8 (10th Cir. Sept. 7, 2023), *cert. denied*, 144 S. Ct. 1058 (2024); *see Thomas v. El Paso Cnty., Colorado*, No. 1:23-cv-01804-PAB-SBP, 2024 WL 4268478, at *14 (D. Colo. Sept. 3, 2024) (identifying "four examples" alleged in the complaint and holding "that small number is insufficient to plausibly demonstrate the existence of a *widespread* practice, as required to state a *Monell* claim based on an informal custom.") (collecting cases), *report and recommendation adopted sub nom. Thomas v. El Paso Cnty.*, 2024 WL 4267868 (D. Colo. Sept. 23, 2024); *Est. of Kowalski v. Shrader*, No. 21-cv-00827-NYW, 2022 WL 19422, at *20 (D. Colo. Jan. 3, 2022) ("the court cannot conclude that allegations of two incidents occurring several years prior to [the plaintiff's] death and occurring over a span of four to five years plausibly establish a 'widespread practice' that is 'so permanent and well settled as to constitute a custom or usage with the force of law,' nor a 'routine' failure to address serious medical needs.") (collecting cases) (quoting *Bryson*, 627 F.3d at 788) (internal citation omitted).

3

Plaintiff does not, and cannot, point to a pattern of prior similar incidents. Instead, it invites the Court to treat each of Mr. Borkovec's interactions with medical personnel at the Jail between October 7 and November 2, 2022 as a separate "incident" adding up to a "pattern" sufficient to plausibly plead municipal liability. It argues, in short, that "Plaintiff can show Boulder's customs by the pattern of every nurse who interacted with Borkovec." [Doc. 81 at 14.] The Court should decline Plaintiff's invitation to endorse this novel theory, which is not only unsupported by Plaintiff's caselaw but flatly contrary to *Waller* and other binding authorities requiring that a municipality be on notice <u>prior to</u> the alleged constitutional violation at issue. *See Waller*, 932 F.3d at 1284 ("The deliberate indifference standard may be satisfied when the municipality has <u>actual or constructive notice</u> that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.") (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)) (emphasis added).

Plaintiff relies primarily on *Quintana v. Santa Fe County Board of Commissioners* and *Arakji v. Hess* to support the proposition that individual interactions during a single period of incarceration can amount to a "pattern." [Doc. 81 at 12-14.] But the facts of those cases undermine this theory. Both involved repeated interactions with municipal officials over months or years, not a single illness during one incarceration. "In *Quintana*," as the Tenth Circuit later summarized, "the decedent … alleged that three other inmates had 'recently' died from drug withdrawals. He pointed to a DOJ study warning the county of its inadequate medical screening procedures … [and] finally alleged that he had deficient intake procedures over the *eight* previous times he was incarcerated at the facility." *Finch*

*v. Rapp*, 38 F.4th 1234, 1245 n.3 (10th Cir. 2022) (emphasis original) (describing *Quintana*, 973 F.3d 1022 (10th Cir. 2020)). In *Arakji*, the plaintiff similarly alleged "with a high degree of factual specificity, incidents on twelve occasions within a one-year period" in which police confronted him for sleeping in his car in various locations around Broomfield. *Arakji v. Hess*, No. 15-cv-00681-CMA, 2015 WL 7755975, at *6 (D. Colo. Dec. 2, 2015). No similar facts are alleged here. Nor do *Quintana* and *Arakji* support Plaintiff's "single-incident pattern" theory of liability, since both involved multiple incidents separated by weeks or months.

Plaintiff also points to *Walmsley v. Johnson* as purported "additional support to Plaintiff's allegations" regarding the County's customs. [Doc. 81 at 12-13 (discussing *Walmsley v. Johnson*, No. 24-cv-01425-NYW-SBP, 2025 WL 27375, at *8 (D. Colo. Jan. 3, 2025).] As a threshold matter, the facts of *Walmsley* are absent from the Complaint and thus not properly considered as part of the alleged custom or pattern here. Regardless, *Walmsley* does not aid Plaintiff, since that court <u>dismissed</u> the municipal liability claim—noting that "Plaintiff cannot survive the Motion to Dismiss 'by identifying a single incident of alleged violations and then, without any further factual substantiation, contending that such actions were consistent with and caused by a municipal policy [or] procedure.'" 2025 WL 27375, at *8 (quoting *Salazar v. Castillo*, No. 12-cv-01481-JLK, 2013 WL 69154, at *6 (D. Colo. Jan. 7, 2013)). The same rule should apply here.

Finally, even if Plaintiff's allegations could plausibly amount to a "pattern," they fail to establish deliberate indifference. Deliberate indifference is a required element of *Monell* claims, including those based on an informal policy, custom, or practice. *Finch*, 38 F. 4th

at 1244; *Cousik v. City & Cnty. of Denver*, No. 22-cv-01213-NYW-KAS, 2024 WL 896755, at *11 (D. Colo. Mar. 1, 2024) (applying deliberate indifference standard to multiple theories of municipal liability, including informal custom). Plaintiff makes no allegations in its Complaint, nor arguments in its Response, that any final decisionmaker was aware of the purported "pattern" of Mr. Borkovec's interactions with the Boulder Nurses—or even aware of the interactions themselves—much less that any decisionmaker subjectively recognized a pattern and consciously disregarded it. For this reason, too, the municipal liability claim must fail.

In a footnote, Plaintiff briefly asserts that it "has also shown that the Boulder jail has 'gross deficiencies' in its procedures," specifically "procedures to not obtain medical records and medical history." [Doc. 81 at 13-14 n.4.] Plaintiff offers no citations to factual allegations in its Complaint that establish these allegedly deficient procedures. [*Id.*] Nor are the non-precedential district court class-action cases cited in the footnote apparently relevant to the allegations in the Complaint or the municipal liability theory asserted here. *See Ginest v. Bd. of Cnty. Comm'rs. of Carbon Cnty.*, 333 F. Supp. 2d 1190, 1200 (D. Wyo. 2004) ("incomplete, inaccurate, or mislaid medical documents"); *Coleman v. Wilson*, 912 F. Supp. 1282, 1314 (E.D. Cal. 1995) ("disorganized, untimely and incomplete filing of medical records, insufficient charting, and incomplete or nonexistent treatment plans"); *Tillery v. Owens*, 719 F. Supp. 1256, 1305 (W.D. Pa. 1989), *aff'd*, 907 F.2d 418 (3d Cir. 1990) ("officials have failed to provide sufficient clerical staff"). The Court should disregard Plaintiff's misplaced and undeveloped argument regarding medical recordkeeping.

Finally, Plaintiff suggests that the Complaint should survive so that it may develop more information in discovery. *Waller* rejected this precise argument. 932 F.3d at 1291 ("Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance [s]ome facts might exist which could support a plausible claim.") (quoting *Roth v. Wilder*, 420 F. App'x 804, 805 (10th Cir. 2011)). Plaintiff's information-asymmetry argument is misplaced here, where its claim is admittedly based only on Mr. Borkovec's own file—not a formal policy or internal procedures to which it has been denied access. Nor does Plaintiff identify what necessary information it is unable to obtain, or why. Plaintiff's factual allegations are insufficient, and the claim against the County should be dismissed.

### III.    CONCLUSION

For all these reasons, Defendant Sheriff Curtis Johnson in his official capacity respectfully requests that this Court dismiss Plaintiff's claim against the County in its entirety, with prejudice, and enter any other appropriate relief.

Respectfully submitted this 7th day of February 2025.

BERG HILL GREENLEAF RUSCITTI LLP

*s/ Geoffrey C. Klingsporn*

_____

Josh A. Marks
Geoffrey Klingsporn
1712 Pearl Street
Boulder, CO  80302
Phone:  (303) 402-1600
Fax:  (303) 402-1601
Email:  jam@bhgrlaw.com
        geoff.klingsporn@bhgrlaw.com

*Attorneys for Defendant Sheriff Curtis Johnson*

7

## CERTIFICATE OF SERVIC

I hereby certify that on this 7th day of February 2025, I electronically filed the foregoing **DEFENDANT CURTIS JOHNSON'S REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

Rachel C. Kennedy
Anna C. Holland-Edwards
Erica T. Grossman
Holland, Holland Edwards &
   Grossman, P.C.
rachel@hheglaw.com
anna@hheglaw.com
egrossman@hheglaw.com

B. Chance Holland
Randall T. Roush
Hall Booth Smith, P.C.
cholland@hallboothsmith.com
troush@hallboothsmith.com

Stephanie L. Clark
Sharuzi Law Group, Ltd
sclark@sharuzilaw.com

Nancy Rodgers
Cristina P. Corchado
Broomfield City and County
   Attorney's Office
nrodgers@broomfield.org
cpcorchado@broomfield.org

Christy N. Redmond
Katherine M.L. Pratt
creddmond@thompsoncoe.com
kpratt@thompsoncoe.com

David S. Rendleman
Anthony B. Vanicek
Quintairos Prieto Wood & Boyer PA
scott.rendleman@qpwblaw.com
anthony.vanicek@qpwblaw.com

Rachel E. Ryckman
White and Steele, P.C.
rryckman@wsteele.com

*s/ Cheryl Stasiak*

_____
Cheryl Stasiak