IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02679-PAB-SBP

THE ESTATE OF AVERY JAMES BORKOVEC,
by and through its co-personal representatives Dylan Bolt and Chris Borkovec,

      Plaintiff,

v.

TURN KEY HEALTH CLINICS, LLC,
CITY AND COUNTY OF BROOMFIELD,
SHERIFF CURTIS JOHNSON, in his official capacity,
BRYAN REICHERT, individually,
CHANTEL TREVIZO, individually,
NELY MORENO-SANTACRUZ, individually,
DEYANIRA MARTINEZ, individually,
SHONDA HIGH, individually,
KAELA SEEBURGER, individually,
ALEXIS HENDERSON, individually,
TIFFANY JONES, individually,
MEL PARKER, individually,
JACK MARKLING, individually,
JENNIFER SAMUELS, individually, and
BLAKE MORROW, individually,

      Defendants.

---

## ORDER

---

      This matter comes before the Court on plaintiff's Objection to Magistrate Judge's

Order Staying Case [Docket No. 93]. On February 18, 2025, defendants Turn Key

Health Clinics, LLC d/b/a TK Health, Bryan Reichert, Chantel Trevizo, and Nely Moreno-

Santacruz filed a response, wherein they indicated they take no position on plaintiff's

objection. Docket No. 103. That same day, defendants Alexis Henderson, Tiffany

Jones, Jack Marckling, Deyanira Martinez, Kaela Seeburger, and Sheriff Curtis Johnson (collectively, the "Boulder Defendants") filed a response.  Docket No. 104.

## I.    BACKGROUND

On September 27, 2024, the Estate of Avery James Borkovec, by and through its co-personal representatives Dylan Bolt and Chris Borkovec, filed this action.  Docket No. 1.  Plaintiff's claims arise out of the November 3, 2022 death of Avery James Borkovec while he was detained at the Boulder County Jail.  *Id*. at 2, ¶¶ 1-2.  Plaintiff brings claims under 42 U.S.C. § 1983 for unconstitutionally deficient medical care and deliberately indifferent policies.  *Id.* at 56-62.

Motions to dismiss have been filed by defendants the City and County of Broomfield, Shonda High, Blake Morrow, Board of County Commissioners of Boulder County, Colorado, Sherriff Curtis Johnson, Alexis Henderson, Jack Markling, Deyanira Martinez, Kaela Seeburger, Tiffany Jones, and Jennifer Samuels.  Docket Nos. 46, 48, 49, 51, 52, 64.  On January 21, 2025, the magistrate judge issued an order, noting that at least one of the pending motions to dismiss asserts a defense of qualified immunity.  Docket No. 84.  Pursuant to Federal Rule of Civil Procedure 16(b)(2), the magistrate judge found "good cause to delay issuing the scheduling order until after that motion (or motions) is resolved."  *Id*.  Plaintiff timely objected to the magistrate judge's January 21, 2025 order.  Docket No. 93.

## II.   LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard of review, a magistrate judge's finding should not

be rejected merely because the Court would have decided the matter differently.  *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly."  *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).  No party argues that the magistrate judge's order delaying issuance of the scheduling order is dispositive, and the Court does not find it to be.  Thus, the Court will review the order under the clearly erroneous standard.

## III.  ANALYSIS

Plaintiff argues that the magistrate judge's delay of the scheduling order "postpones the start of discovery" and "constitutes a 'stay' of 'proceedings.'"  Docket No. 93 at 4 (citing PROCEEDING, STAY, Black's Law Dictionary (12th ed. 2024)).  Before issuing her order, plaintiff argues that the magistrate judge should have balanced factors that account for competing interests, as described in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), to determine whether a stay was warranted.  *Id*. at 4-7.  Plaintiff also argues that the magistrate judge misapplied Fed. R. Civ. P. 16(b)(2), *id*. at

7-8, and erred in staying discovery where only some defendants invoke a qualified immunity defense. *Id*. at 8-12.

The Boulder Defendants respond that it was not clear legal error for the magistrate judge to find, in her discretion, that a stay was warranted. Docket No. 104 at 2. They argue that plaintiff fails to provide authority for the proposition that a magistrate judge is "legally required to conduct the same multi-factor analysis as when a party seeks to stay discovery" to find good cause for delay under Rule 16(b)(6). *Id*. at 3-5. The Boulder Defendants contend that a court may, but is not required to, consider the *String Cheese Incident* factors in deciding whether to delay issuance of a scheduling order. *Id*. at 5-6.

Pursuant to Rule 16(b)(2), "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). Courts in the Tenth Circuit have chosen to weigh the *String Cheese Incident* factors to determine whether good cause existed under Rule 16(b)(2). *See, e.g.*, *Austin v. Everbank*, 2016 U.S. Dist. LEXIS 192009, at *3 (D.N.M. June 22, 2016); *Chesser v. Dir. Fed. Bureau of Prisons,* 15-cv-01939-NYW, 2016 WL 1170448, at *5 (D. Colo. Mar. 25, 2016); *Dillard Store Servs., Inc. v. Winrock Partners LLC*, 2024 WL 3202226, at *2 (D.N.M. Jan. 10, 2024). However, courts have noted that the *String Cheese Incident* factors are not entirely applicable to Rule 16(b)(2). *Chesser,* 2016 WL 1170448, at *5 (weighing the *String Cheese Incident* factors in deciding whether there was good cause under Rule 16(b)(2), but acknowledging such factors were "not squarely applicable"); *Dillard Store*

*Servs., Inc*, 2024 WL 3202226, at *2 (same). Other courts have not weighed *String Cheese Incident* factors, or otherwise balanced competing interests, before finding that there was good cause to delay issuance of the scheduling order. *See Custard v. Balsick*, No. 15-cv-2221-REB-CBS, 2017 WL 131799, at *4 n.5 (D. Colo. Jan. 13, 2017) (not weighing the *String Cheese Incident* factors before finding that there was "good cause for delaying the scheduling order pending the motion to dismiss"); *Smith v. City of Hobbs*, 2020 WL 2043483, at *2 n.3 (D.N.M. Apr. 28, 2020) ("the filing of the Motion for Summary Judgment Based on Qualified Immunity constitutes good cause to delay beginning discovery") (citing Fed. R. Civ. P. 16(b)(2); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)).

Plaintiff has not cited any authority for the proposition that a court is required to weigh the *String Cheese Incident* factors, or otherwise balance competing interests, to find good cause under Rule 16(b)(2). Rather, courts have found good cause for delay under Rule 16(b)(2) where there is a pending motion to dismiss. *See, e.g.*, *Dillard Store Servs*, 2024 WL 3202226, at *2 (finding good cause under Rule 16(b)(2) where there were "two (2) pending motions to dismiss" and "the resolution of these motions could dramatically narrow the claims in this litigation and/or dismiss them altogether"); *Custard*, 2017 WL 131799, at *4 n.5 ("Pursuant to Rule 16(b)(2), the court finds good cause for delaying the scheduling order pending the motion to dismiss. The motion raised several significant legal issues, based on which this court recommends narrowing the claims in ways that significantly narrow the scope of discovery."); *Callaway v. Indep. Sch. Dist. No. 1 of Okmulgee Cnty.*, 2021 WL 6125760, at *2 n.1 (E.D. Okla. Sept. 10, 2021) ("The Court likewise finds that under Rule 16(b)(2) there *is*

good cause to delay the issue of a scheduling order in this case due to Defendants'
pending motions to dismiss.").  Therefore, the Court finds that the magistrate judge not
weighing the *String Cheese Incident* factors is not contrary to law.  It was within the
magistrate judge's discretion to find that – due to the pending motions to dismiss that
raise qualified immunity – there was good cause for delay under Rule 16(b)(2).

Plaintiff argues that the fact only defendants Henderson, Jones, Markling,
Martinez, Seeburger, and Samuels (collectively, the "Jail Nurses") raise the defense of
qualified immunity means it was clear legal error for the magistrate judge to find good
cause under Rule 16(b)(2).  Docket No. 93 at 8-12.  Plaintiff contends that this is not a
case where the claims against the defendants "are so inextricably intertwined that a
total bar to discovery makes sense" on the basis that some motions assert a defense of
qualified immunity.  *Id.* at 11.  Plaintiff argues that "discovery could easily be bifurcated
or limited such that the Defendants asserting qualified immunity would not need to
participate."  *Id*.

However, "magistrate judges possess broad discretion in resolving discovery
matters, including whether to stay discovery pending resolution of a dispositive motion"
such that "a party seeking review of a magistrate judge's non-dispositive ruling faces a
daunting standard of review."  *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1096 (D.
Nev. 2022) (internal quotations and citation omitted).  As plaintiff notes, the Jail Nurses
"would still need to be deposed as witnesses even if they were dismissed as
defendants."  Docket No. 93 at 3.  By this same logic, if the magistrate judge were to
have only delayed issuance of the Jail Nurses' scheduling order, the Jail Nurses
nonetheless would have had to likely participate in discovery regarding the other

defendants.  Therefore, it was within the magistrate judge's discretion to decline to issue

multiple scheduling orders.  *See M.G. through Garcia v. Scrase*, 2022 WL 5242610, at

*5 (D.N.M. Oct. 6, 2022) (denying plaintiffs' motion to open discovery only as to one

defendant, who failed to respond to plaintiffs' motion, because "[w]ere the Court to

authorize commencement of discovery now as to the State Defendants, the corporate

provider defendants would necessarily have to participate in that discovery, particularly

with respect to deposition discovery" and "[i]t is vastly more prudent for this Court to

await what it expects to be the reasonably prompt resolution of the dispositive motion

before opening discovery as to *any* defendant").

Accordingly, the Court finds that the magistrate judge's January 21, 2025 order,

Docket No. 84, was not contrary to law and will overrule plaintiff's objection.

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that plaintiff's Objection to Magistrate Judge's Order Staying Case

[Docket No. 93] is **OVERRULED**.

DATED June 23, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge